GALESBURG CLINIC ASSOCIATION, Plaintiff and Counterdefendant-Appellant, v. TOMMY L. WEST *et al.*, Defendants and Counterplaintiffs-Appellees.

Third District No. 3—98—0277

Opinion filed January 20, 1999.

Linda L. Laugges (argued) and Michael R. Cornyn, both of Thomas, Mamer & Haughey, of Champaign, for appellant.

John W. Robertson (argued) and Barry M. Barash (argued), both of Barash & Stoerzbach, of Galesburg, for appellees.

JUSTICE KOEHLER delivered the opinion of the court:

The Galesburg Clinic Association, plaintiff, is a medical partnership including defendants Tommy L. West, M.D., and Thomas H. Patterson, M.D. When the defendants quit, the plaintiff filed a claim for declaratory judgment seeking a declaration of rights regarding the covenant not to compete clause contained in the partnership agreement. The defendants filed a counterclaim for breach of the partnership agreement and further asserted that the breach discharged the defendants' duties under the covenant not to compete. The Knox County circuit court ruled that the plaintiff committed a material breach discharging the defendants' duties under the covenant not to compete. The circuit court further found that a post-breach attempt to ratify the unrelated services was without effect. The plaintiff now appeals all these rulings. Because we conclude that the circuit court did not abuse its discretion, we affirm.

## ANALYSIS

### Breach of Contract

■ A trial court's grant or denial of a request for a declaratory

judgment is reviewed for an abuse of discretion. *Drayson v. Wolff*, 277 Ill. App. 3d 975, 979, 661 N.E.2d 486, 490 (1996). Because the basis for granting or denying declaratory relief is, in most cases, readily discernible to a reviewing court, the circuit court's decision is not given the same deference as is the circuit court's exercise of discretion in other contexts. *Athanas v. City of Lake Forest*, 276 Ill. App. 3d 48, 52, 657 N.E.2d 1031, 1034 (1995). However, the appellate court will not substitute its findings of credibility for those of the circuit court, since the circuit court is always in the best position to judge the credibility of a witness. *Schulenburg v. Signatrol, Inc.*, 37 Ill. 2d 352, 356, 226 N.E.2d 624, 626 (1967).

■ A partnership is a contractual relationship governed by the articles of agreement. *Fisher v. Parks*, 248 Ill. App. 3d 666, 675, 618 N.E.2d 1202, 1208 (1993). Such an agreement may contain covenants not to compete[1], and the defendants do not challenge the instant agreement's covenant not to compete on its face. Rather, they argue that the duties of the noncompetition clause are discharged because the plaintiff materially breached other provisions of the partnership agreement.

■ As the defendants correctly observed, a breach of a partnership agreement can operate to discharge the duties of a covenant not to compete where the breach is material. *Wyatt v. Dishong*, 127 Ill. App. 3d 716, 720, 469 N.E.2d 608, 611 (1984). The test for materiality in such situations is whether the breach is of such a nature and of such importance that, if anticipated in advance, the contract would not have been entered into. *Trapkus v. Edstrom's, Inc.*, 140 Ill. App. 3d 720, 725, 489 N.E.2d 340, 345 (1986).

Here, article X of the agreement provides:

> "Conduct of Business: The business and affairs of the association shall be managed, controlled and governed by an Executive Committee which shall determine all questions of policy and shall

---

[1]Although the terms "covenant not to compete" and "restrictive covenant" are used interchangeably by the parties in this case, a "covenant not to compete" is a subset of the more general category of "restrictive covenants." A "restrictive covenant" is generally thought to be a limitation, often imposed in a deed or lease respecting the use to which real property may be put. Black's Law Dictionary 1315 (6th ed. 1990). Secondarily, a "restrictive covenant" may also be referred to as a "covenant not to compete." Either term is defined as a noncompetition restraint on an agreement, generally part of a contract of employment or contract to sell a business, in which the covenantor agrees for a specific period of time and within a particular area to refrain from competition with the covenantee. Black's Law Dictionary 364, 1315 (6th ed. 1990).

exercise direction and control over the associates as employees of the association. *** The Executive Committee shall be composed of five associates elected by *** ballot. *** A majority of the members of the Executive Committee shall constitute a quorum for the transaction of business at any meeting of said committee. A majority vote of the entire membership of the committee shall be required to constitute action of the committee which shall be binding upon the association. *** Regular meetings of the Executive Committee shall be held in the offices of the association at 7:30 o'clock P.M. on the third Tuesday of each month, or at a time and place determined by a majority of the Executive Committee."

■ The circuit court found that article X was materially breached when: (1) three members of the executive committee conducted secret meetings; (2) the executive committee did not meet or vote on whether to fire the plaintiff's chief executive officer, June Brackett; (3) the executive committee did not approve the hiring of accountant John Michael Clay; (4) three members of the executive committee voted to compensate Clay for unsubstantiated bills; and (5) the plaintiff changed its accounting method from a cash basis to an accrual basis without properly amending the articles.

All that remains, then, is the propriety of the circuit court's ruling that these breaches were material. The defendants testified that they relied on the articles of agreement when they joined the partnership, they expected that the terms thereof would be complied with to protect their interests, and they would not have joined the partnership without such articles. We agree with the circuit court that the secret meetings of the executive committee and the votes taken therein directly contradict article X and therefore were material breaches such that the defendants' obligations under the covenant not to compete clause were discharged.

### Waiver

Nor do we conclude that the defendants did anything that would have waived their right to assert breach of the contract. In the context of a breach of contract, waiver is the express or implied voluntary and intentional relinquishment of a known and existing right. *National Tea Co. v. Commerce & Industry Insurance Co.*, 119 Ill. App. 3d 195, 205, 456 N.E.2d 206, 213 (1983). Waiver is a question of fact when the facts necessary to support waiver are disputed or reasonable minds could draw different inferences from the evidence. *Midwest Television, Inc. v. Oloffson*, 298 Ill. App. 3d 548, 558, 699 N.E.2d 230, 232 (1998). The factual findings of a trial court will not be overturned unless they are against the manifest weight of the evidence. *Midwest Television*, 298 Ill. App. 3d at 558, 699 N.E.2d at 232. Although waiver may be

implied, the act relied on to constitute the waiver must be clear, unequivocal and decisive. *National Tea Co.*, 119 Ill. App. 3d at 205, 456 N.E.2d at 213. The victim of a breach is not required to act immediately upon suspicion of a breach. *Cole Taylor Bank v. Truck Insurance Exchange*, 51 F.3d 736, 740 (7th Cir. 1995).

In the instant case, the defendants resigned just over a year after the executive committee breached article X. During that year, however, the defendants continued their normal work while protesting the executive committee's actions. Their delay in exiting the partnership was reasonable considering the complexity of the partnership, the nature of the practice of medicine, and the professional and personal ramifications of their exit. The defendants' delay in resigning cannot be considered a clear and unequivocal waiver of the right to declare a breach. Consequently, the circuit court's ruling that there was no waiver was not against the manifest weight of the evidence.

## CONCLUSION

We conclude that the circuit court acted within its sound discretion when it found that the secret meeting of the executive committee and the votes taken therein, all in contravention of the partnership agreement, were material breaches that discharged the defendants' obligations under the covenant not to compete. In addition, the circuit court's ruling that the defendants' delay in resigning did not constitute waiver was not against the manifest weight of the evidence.

Affirmed.

HOLDRIDGE, P.J., and HOMER, J., concur.