No. 2--03--0383

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

ANNETTE COMPTON ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellant, )

) No. 00--L--546

v. )

)

RODRIGO UBILLUZ, FRED NOUR, )

CENTRAL DU PAGE HOSPITAL, and )

CENTRAL DU PAGE HEALTH, )

)

Defendants )

)

(Neuro-Diagnostic Testing Centers, P.C., ) Honorable

n/k/a Neuro-Spinal Center, Ltd., ) Hollis L. Webster,

Defendant-Appellee). ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Annette Compton, appeals the order of the circuit court of Du Page County granting the motion of defendant, Neuro-Diagnostic Testing Centers, P.C. (n/k/a Neuro-Spinal Center, Ltd.), to dismiss plaintiff's claims against it pursuant to section 2--619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(5) (West 2002)).  Specifically, the trial court held that plaintiff's allegations against defendant in her second amended complaint did not relate back to her original complaint, pursuant to the current version of section 2--616(d) of the Code (735 ILCS 5/2--616(d) (West 2002)).  Plaintiff appeals, contending that the previous version of section 2--616(d) applies to her second amended complaint and requires the reversal of the trial court's order.  We reverse and remand.

The following facts are drawn from plaintiff's second amended complaint and related motions.  In 1997, plaintiff came under the care of Dr. Rodrigo Ubilluz for her complaints of numbness and tingling in her hands and feet.  Between August 27, 1997, and September 2, 1997, because of the progression of her symptoms, plaintiff was hospitalized at Central Du Page Hospital.  While she was hospitalized at Central Du Page, Dr. Ubilluz ordered several blood tests, including a B-12/Folate test.  A vitamin B-12 deficiency can cause the neurological symptoms that plaintiff was experiencing.  On September 3, 1997, Central Du Page's lab reported the results of the B-12/Folate test to Dr. Ubilluz.  The results of the B-12/Folate test revealed that plaintiff's serum B-12 levels were critically low.  Dr. Ubilluz denied that he received the B-12/Folate test results from Central Du Page.  Dr. Ubilluz did not properly diagnose plaintiff's condition or otherwise order or administer the proper treatment for it.  Plaintiff visited Dr. Ubilluz eight times after her discharge from the hospital.  At none of these visits did Dr. Ubilluz mention the B-12/Folate test results.  Plaintiff last visited Dr. Ubilluz on January 13, 1998.

Plaintiff's condition continued to deteriorate to the point where she was unable to walk.  On June 9, 1998, plaintiff consulted with Dr. Steven Lewis.  Dr. Lewis diagnosed plaintiff's condition as a vitamin B-12 deficiency.  Before July 14, 1998, plaintiff did not know how long she had experienced the vitamin B-12 deficiency, that Dr. Ubilluz had tested her for the deficiency, or that the result of the B-12/Folate test had been abnormal.

On June 6, 2000, plaintiff filed her original complaint naming Dr. Ubilluz and others as defendants.  Plaintiff alleged that Dr. Ubilluz failed to obtain the results of the B-12/Folate test and, thereafter, failed to properly treat plaintiff's condition.  On June 14, 2000, Doreen Roman accepted a service of plaintiff's complaint on behalf of Dr. Ubilluz.  The deposition testimony of Barbara Reggilio indicated that Roman was an employee of defendant and Ubilluz at the time she accepted service of plaintiff's complaint.

Plaintiff first became aware that Dr. Ubilluz was an agent or an apparent agent of defendant when Reggilio was deposed.  Plaintiff's previous investigation had shown that Dr. Ubilluz was acting as an independent neurologist while he was treating plaintiff.  Plaintiff's medical records, obtained from Dr. Ubilluz, did not reference defendant.  Dr. Ubilluz also testified in his discovery deposition that he was an independent physician, as well as answered written interrogatories that he was an independent contractor.  On May 14, 2002, after learning about the relationship between defendant and Dr. Ubilluz, plaintiff filed her second amended complaint, which for the first time included allegations against defendant.
(footnote: 1)
 Defendant filed a motion to dismiss plaintiff's second amended complaint, arguing, pursuant to sections 13--212 and 2--619(a)(5) of the Code, that plaintiff had not filed it within the time provided by law.  735 ILCS 5/13--212, 2--619(a)(5) (West 2002).  Defendant contended that the four-year statute of repose had expired before plaintiff filed her second amended complaint, and that this barred plaintiff from adding defendant as a party to this cause.  Plaintiff raised the relation-back doctrine embodied in section 2--616(d) of the Code (735 ILCS 5/2--616(d) (West 2000)), as it existed before its January 1, 2002, amendment.  Defendant argued that the amended version of the relation-back statute applied, not the version in force at the time plaintiff filed her original complaint.  Defendant analyzed plaintiff's claim under the terms of the amended relation-back statute (735 ILCS 5/2--616(d) (West 2002)), and concluded that plaintiff did not satisfy the requirements enumerated therein.  On October 31, 2001, the trial court held that the amended version of the relation-back statute applied to plaintiff's second amended complaint and dismissed with prejudice plaintiff's claim against defendant.  

Plaintiff filed a motion to reconsider, contending that, under the terms of section 2--616(f) of the Code (735 ILCS 5/2--616(f) (West 2002)), the previous version of the relation-back statute (735 ILCS 5/2--616(d) (West 2000)) applied to her claim.  The trial court accepted plaintiff's reading of section 2--616(f), yet it nevertheless held that the amended version of the relation-back statute applied to plaintiff's claim.  On February 26, 2003, the trial court denied plaintiff's motion to reconsider.

Plaintiff filed a second, emergency motion to reconsider, and on March 21, 2003, the trial court denied it.  Plaintiff filed her timely notice of appeal on March 27, 2003.

On appeal, plaintiff contends that the trial court erred in dismissing her claim against defendant pursuant to section 2--619(a)(5) of the Code.  Section 2--619(a)(5) of the Code allows for a cause of action to be dismissed if the action was not commenced within the time limited by law.  
Peetoom v. Swanson
, 334 Ill. App. 3d 523, 526 (2002).  A section 2--619 motion to dismiss admits all well-pleaded facts and the reasonable inferences to be drawn from those facts; additionally, it admits the legal sufficiency of the complaint but asserts the existence of an affirmative matter to avoid or defeat the claim.  
Peetoom
, 334 Ill. App. 3d at 526.  We review 
de novo
 the trial court's decision on a section 2--619 motion to dismiss
.  
Peetoom
, 334 Ill. App. 3d at 526.

The first issue we must address is which version of the relation-back statute to apply.  The amended version of section 2--616(d) (currently in force and applied by the trial court) provides:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met:  (1) the time prescribed or limited had not expired when the original action was commenced; (2)  the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b) [(177 Ill. 2d R. 103(b))], received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant.  For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."  735 ILCS 5/2--616(d) (West 2002).

The previous version of section 2--616(d) (before the January 1, 2002, amendment, and which plaintiff contends should have been applied) provided:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met:  (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant.  For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."  735 ILCS 5/2--616(d) (West 2000).

In order to determine which version of the relation-back statute applies in this case, we must first discern the legislative intent in amending the relation-back statute effective January 1, 2002.  The legislature included a provision regarding the intended effect and scope of the amendment.  Section 2--616(f) of the Code provides:

"The changes made by this amendatory Act of the 92nd General Assembly apply to all complaints filed on or after the effective date of this amendatory Act, and to complaints filed before the effective date of this amendatory Act if the limitation period has not ended before the effective date."  735 ILCS 5/2--616(f) (West 2002).  

Before proceeding further in our analysis, we review the rules of statutory interpretation.  The cardinal rule of statutory construction, to which all other rules are subordinate, is that a court should ascertain and give effect to the intent of the legislature.  
Bonaguro v. County Officers Electoral Board
, 158 Ill. 2d 391, 397 (1994).  Legislative intent should be determined from the plain language of the statute, considering it as a whole and evaluating each provision in connection with every other section.  
Bonaguro
, 158 Ill. 2d at 397.  In addition, in construing a statutory provision, no phrase or word is to be rendered meaningless or superfluous.  
People v. Peco
, 345 Ill. App. 3d 724, 731 (2004).  If the legislative intent can be discerned from the statute's plain language, then that intent is to be given effect without resorting to other interpretive aids.  
Balmoral Racing Club, Inc. v. Topinka
, 334 Ill. App. 3d 454, 459 (2002).  If, however, the statute is ambiguous, meaning that it is capable of being understood by reasonably well-informed persons in two or more different senses, then the court must use other interpretive aids to resolve the ambiguity.  
Balmoral Racing Club
, 334 Ill. App. 3d at 459.

Turning to section 2--616(f), we first note that it contains two clauses.  The first clause states that the amendment applies "to all complaints filed on or after the effective date" of the amendment, January 1, 2002.  735 ILCS 5/2--616(f) (West 2002).  The second clause states that the amendment applies to complaints filed before January 1, 2002, "if the limitation period has not ended before the effective date."  735 ILCS 5/2--616(f) (West 2002).  In order to discern the intent of the legislature, we must consider both clauses of section 2--616(f) together.  Defendant argues that the phrase "all complaints" means all complaints of any type, whether original or amended.  We will first examine this intuitive construction.

We begin by noting that the only way in which the relation-back doctrine will come into play is if a plaintiff files an amended complaint outside of the time allowed by law.  If the plaintiff does this, then the court must check to see if the elements of the applicable relation-back statute are satisfied.  See 
Morton v. Madison County Nursing Home Auxiliary
, 317 Ill. App. 3d 561, 565 (2000).  If "all complaints" includes amended complaints, then any amended complaint filed after the effective date of the amendment to section 2--616 of the Code will be analyzed according to the amended version.  735 ILCS 5/2--616(f) (West 2002) (first clause).  If an amended complaint is filed before the effective date, then the amendment will apply to it only "if the limitation period has not ended before the effective date."  735 ILCS 5/2--616(f) (West 2002) (second clause).  Under this literal reading, if the limitation period has not expired before the effective date, then the amended version of the statute would take effect before the effective date.  This construction is absurd, because a statute cannot take effect before its effective date.  Moreover, if an amended complaint is filed while time remains in the limitation period, it is, by definition, timely, and the relation-back statute need not be invoked.  If an amended complaint is filed after the limitation period has expired, then it is untimely, unless the conditions of the relation-back statute are satisfied.  If the amended complaint is filed outside the limitation period and before the effective date, then the unamended version of the statute will apply because it is before the effective date of the amendment.  If the amended complaint is filed outside the limitation period and after the effective date, then the first clause applies, and the second clause need not be considered, because it was filed after the effective date.  This analysis demonstrates that, if we read the phrase "all complaints" to include both original and amended complaints, then only the first clause of section 2--616(f) of the Code has effect, and the second clause of section 2--616(f) is surplusage because it can never be given effect--the date of filing of the amended complaint alone determines which version of section 2--616 of the Code will apply.  Because we cannot construe a statute so as to render any part of it meaningless or superfluous (
Peco
, 345 Ill. App. 3d at 731), we must reject this construction.

We are left, then, with a counterintuitive construction of the phrase "all complaints" to mean original complaints and not amended complaints.  This construction, however, gives effect to both clauses of section 2--616(f).  Any original complaint filed after the effective date of the amended statute will come within the ambit of the amended section 2--616 should the relation-back doctrine subsequently be invoked.  If an original complaint is filed before the effective date of the amendment to section 2--616, and if an amendment to that complaint is filed before the effective date of the amendment to section 2--616, then the unamended version of the statute will apply.  If the amended complaint is filed after the effective date of the amendment to the statute, then the limitation period must be checked.  If the limitation period of the original complaint has lapsed, then the unamended version of section 2--616 will apply; if there is still time remaining in the limitation period, then the amended version of section 2--616 will apply.  We have demonstrated that construing "all complaints" to mean "original complaints" is the only construction that gives meaning and effect to both clauses in section 2--616(f).  We hold, therefore, that the phrase "all complaints" refers only to original complaints in section 2--616(f) of the Code (735 ILS 5/2--616(f) (West 2002)).

This determination does not end our inquiry.  While the trial court appeared to accept this construction of section 2--616(f), it nevertheless held that the amended version of section 2--616 applied to plaintiff's second amended complaint, finding that the limitation period expired after the effective date, and equating the limitation period with the statute of repose.  We must determine, therefore, whether the "limitation period" had ended before or after the effective date.

Section 2--616(f) of the Code does not define "limitation period."  In addition, "limitation period" is not elsewhere defined in the Code.  There are several plausible meanings that could attach to "limitation period."  First, it could refer strictly to the statute of limitations.  There is some support for this construction in section 2--616 itself.  Subsections (b) and (d) state that an amended pleading will not be "barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted."  735 ILCS 5/2--616 (b), (d) (West 2002); 735 ILCS 5/2--616 (b), (d) (West 2000).  The phrase "prescribing or limiting" differentiates between a repose period ("prescribing") and a limitations period ("limiting").  Additionally, this court has differentiated between the "limitations period" and the "repose period" when analyzing whether an amended complaint related back to the original complaint in a medical malpractice action.  
Avakian v. Chulengarian
, 328 Ill. App. 3d 147, 152-53 (2002).  Where terms used in a statute have acquired a settled meaning in judicial construction, the legislature will be presumed to know and adopt that construction unless it clearly indicates otherwise.  
Brugger v. Joseph Academy, Inc.
, 326 Ill. App. 3d 328, 331-32 (2001).  Thus, "limitation period" could plausibly be held to refer only to the statute of limitations for the action at hand.

Alternatively, "limitation period" reasonably could be held to encompass both the period of repose and the period of limitations.  Section 2--616(f) does not make a specific reference to a statute of limitations for an action, but only to some generic "limitation period."  735 ILCS 5/2--616(f) (West 2002).  This would seem to suggest that the court should determine whether there is time remaining in either the limitation period or the repose period.  This, in fact, is what the trial court held below, and what defendant urges on appeal.  In applying this construction, the trial court determined that there was time remaining in the repose period, and the trial court concluded that the limitation period had not expired before the effective date of the amendment to section 2--616.

Last, "limitation period" might have no fixed meaning, but indicate only that the trial court is required to see if, under the factual circumstances of each case, there is some time remaining in which an original complaint could be filed as of the effective date of the amendment to section 2--616.  If there is time remaining, then the amended version of section 2--616 would apply to any amended complaint seeking to invoke the relation-back doctrine; if there is no time remaining in the limitation period as of the effective date of the amendment to section 2--616, then the previous version of section 2--616 would apply to a complaint seeking to invoke the relation-back doctrine. 

Any of these three constructions is a plausible reading of the term "limitation period."  Where a phrase in a statute is susceptible to two or more reasonable interpretations, the statute is ambiguous.  
Williams v. Staples
, 208 Ill. 2d 480, 489 (2004).  Where a statute is ambiguous, the court may consider sources outside of the plain language of the statute to determine the legislative intent.  
Williams
, 208 Ill. 2d at 490.  During debate over the amendment to section 2--616 of the Code, the following exchange occurred:

"[Representative] Hoffman:  So, what you're saying [is] this [amendment] wouldn't impair anybody's rights and it wouldn't be a windfall in the court and it's not really a mandate on the court.  What we're saying is, or I understand it's a bar association initiative to ensure that people can get the right individuals into the suit.  Is that right?

[Representative] Mathias:  That's absolutely correct."  92d Ill. Gen. Assem., House Proceedings, May 1, 2001, at 7 (Statements of Representatives Hoffman and Mathias).

Representative Mathias also stated that the amendment was

"an initiative of the Illinois State Bar Association to make the Illinois Civil Procedure track federal civil procedure regarding misidentification of defendants in a civil case.  The Bill basically allows, as I said before, it allows you to follow the same [procedures] as the federal rules in the event that someone was misidentified when he was originally served so long as he has knowledge of the action."  92d Ill. Gen Assem., House Proceedings, May 1, 2001, at 5 (Statements of Representative Mathias).

From this history, we can see that the legislative intent was simply to bring the Code into line with the Federal Rules of Civil Procedure.  Further, the legislature did not intend the implementation of the amendment to impair or disrupt any parties' rights in cases pending at the time the amendment took effect.  Though illuminating, this debate does not resolve what the legislature intended "limitation period" to mean.

We note that, historically, courts have liberally construed section 2--616 of the Code so that cases are decided on their merits rather than on a procedural technicality.  
Siebert v. Bleichman
, 306 Ill. App. 3d 841, 846 (1999).  This policy, in conjunction with the legislative intent not to impair or disturb pending actions by the amendment to section 2--616, suggests that we should select a construction of "limitation period" that would lead to a resolution on the merits.

In our view, therefore, the last alternative, by which the limitation period is examined with regard to the factual circumstances of the case, fulfills the legislative intent.  This construction allows as many cases as possible to be resolved on their merits.  In addition, it balances the liberal construction of section 2--616 with the competing legislative intent of subjecting amended complaints to the more stringent relation-back requirements of the Federal Rules of Civil Procedure now embodied in the amended version of section 2--616.  Therefore, we reject defendant's construction and hold that the trial court erred by considering "limitation period" to mean either the period defined in the statute of limitations or the period defined by an applicable statute of repose.

Applying the proper construction of "limitation period" to the facts of this case results in the application of the unamended version of section 2--616 to plaintiff's second amended complaint.  Plaintiff filed a medical malpractice action against Dr. Ubilluz and others.  The limitation period for filing such an action is defined by section 13--212(a) of the Code, which provides:

"Except as provided in Section 13--215 of [the Code (735 ILCS 5/13--215 (West 2000) (dealing with fraudulent concealment))], no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."  735 ILCS 5/13--212(a) (West 2000).

The key dates for purposes of the limitation period are January 13, 1998, the date plaintiff last visited Dr. Ubilluz, and June 9, 1998, or July 14, 1998, the date she discovered the alleged malpractice.  Because plaintiff reasonably discovered or should have discovered the malpractice on June 9, 1998, or July 14, 1998, she had two years from one of those dates in which to file her cause of action.  This period expired on June 9, 2000, or July 14, 2000.  As a result, the limitation period also expired on one of those dates.  Both dates are well before the effective date of the amendment to section 2--616, January 1, 2002.  Therefore, pursuant to section 2--616(f) (735 ILCS 5/2--616(f) (West 2002)), we hold that the previous version of section 2--616 applied to plaintiff's second amended complaint filed in May 2002.

The trial court expressly determined that, under the previous version of section 2--616(d) (735 ILCS 5/2--616(d) (West 2000)), plaintiff's second amended complaint related back to her original complaint.  Defendant argues that plaintiff's second amended complaint does not relate back to her original complaint under either version of section 2--616(d).  Defendant reasons that, because the amended complaint does not relate back, we may still affirm the trial court's judgment.  Because we can affirm the trial court's judgment on any basis appearing in the record (
Inland Land Appreciation Fund, L.P. v. County of Kane
, 344 Ill. App. 3d 720, 726 (2003)), we must determine whether, under the previous version of section 2--616(d), plaintiff's second amended complaint relates back to her original complaint.

Under the previous version of section 2--616(d), an amended complaint related back to the original complaint if five conditions were met:

"(1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant."  735 ILCS 5/2--616(d) (West 2000).

As this matter came before the trial court on a motion to dismiss pursuant to section 2--619 of the Code, we will review it in that posture.  We must remember that a section 2--619 motion to dismiss should not be granted if there is an issue of material fact evident in the record before the court.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17 (1993).

Analyzing the evidence in the record pursuant to the five conditions of the previous relation-back doctrine (735 ILCS 5/2--616(d) (West 2000)), we conclude that plaintiff has established at least the existence of factual issues with respect to the five conditions.  Consequently, defendant's motion to dismiss cannot be granted at this time.  Turning first to whether plaintiff's original complaint was timely filed, we conclude that it was.  As noted above, the significant dates are January 13, 1998, the date of plaintiff's last visit to Dr. Ubilluz, and June 9 or July 14, 1998, the dates of discovery of her injury.  Under the applicable statute of limitations, plaintiff had four years from January 13, 1998, to file her complaint, or two years from the discovery of her injury.  735 ILCS 5/13--212 (West 2000).  Plaintiff filed her original complaint on June 6, 2000, within two years of the discovery of her injury.  Plaintiff's original complaint, therefore, was filed within the applicable limitations period.

Second, we consider whether the failure to join defendant was inadvertent.  Plaintiff named Dr. Ubilluz as a defendant.  Until the deposition of defendant's employee, Barbara Reggilio, plaintiff believed that Dr. Ubilluz was an independent contractor.  Reggilio's deposition occurred on September 21, 2001.  On May 14, 2002, plaintiff filed her second amended complaint, which for the first time included a cause of action against defendant.  Defendant argues that the eight-month gap between Reggilio's deposition and plaintiff's second amended complaint renders plaintiff incapable of fulfilling the inadvertence requirement.  We disagree.  We note that Reggilio's deposition did not occur until after the limitations period had expired.  Plaintiff's counsel explained that an associate attended Reggilio's deposition and that the attorney responsible did not learn of Dr. Ubilluz's employment relationship until a later date.  While "inadvertence" does not encompass a party's excusable failure to act, but only its excusable ignorance, a party who otherwise satisfies the inadvertence requirement will be allowed a reasonable period of time within which to add a party defendant after receiving knowledge of its existence.  
Greig v. Griffel
, 49 Ill. App. 3d 829, 833 (1977).  Because plaintiff did not discover the existence of defendant until after the expiration of the limitation period, we find that plaintiff has, at least, raised a factual issue sufficient to preclude granting defendant's motion to dismiss.  Defendant's citations to 
Tatara v. Peterson Diving Service
, 283 Ill. App. 3d 1031, 1040 (1996), and 
Plooy v. Paryani
, 275 Ill. App. 3d 1074, 1084 (1995), are unavailing, because in each of those cases, the plaintiff learned of the existence of the defendant sought to be added before the expiration of the limitations period.  Here, by contrast, the limitation period had expired before plaintiff learned of the existence of defendant as a party to this action.

Third, we consider whether service was had upon defendant.  There is no dispute that service was effected upon Doreen Roman and that she was an employee of defendant.  We find that plaintiff has satisfied this condition of the relation-back doctrine.

Fourth, we consider whether defendant knew of the original action within the limitation period.  Defendant argues that plaintiff's second amended complaint alleged that she discovered her injury on June 9, 1998, and that the service upon Doreen Roman on June 14, 2000, was outside of the limitation period.  Defendant argues that the allegation in the complaint constitutes a judicial admission and that plaintiff's attempt to vary the discovery date of her injury by affidavit is ineffective as a matter of law.  Plaintiff argues that the complaint, which was not verified, merely stated that she discovered her injury "on or about June 9, 1998."  Because the allegation was couched in an approximate term, plaintiff argues that her affidavit stating that she discovered her injury on July 14, 1998, does not conflict with the allegation in her second amended complaint.  We find that plaintiff has raised an issue of fact with regard to the date of discovery.

Plaintiff's second amended complaint was unverified; the allegations contained in the second amended complaint are admissions against interest, not judicial admissions.  
Bartsch v. Gordon N. Plumb, Inc.
, 138 Ill. App. 3d 188, 197 (1985).  Plaintiff is allowed to explain or contradict the allegations in an unverified pleading.  
Bartsch
, 138 Ill. App. 3d at 197.  As plaintiff was not precise in her identification of the discovery date of her injuries in her second amended complaint, her affidavit raises an issue of fact regarding the discovery date.  Taking the July 14, 1998, date from her affidavit as the discovery date, plaintiff's original complaint was served upon defendant's employee, albeit in a different capacity, on June 14, 2000, which was within the limitation period.  Plaintiff, therefore, has established an issue of fact regarding defendant's actual or imputed knowledge of the complaint within the limitation period sufficient to preclude granting its motion to dismiss.

Last, we consider whether the cause of action against defendant grew out of the same transaction or occurrence as alleged in the original pleading.  Defendant does not dispute that the claim against it in the second amended complaint is the same as that of the original complaint directed against Dr. Ubilluz.  Plaintiff has satisfied the fifth element of the relation-back doctrine as it existed before January 1, 2002. 

Because plaintiff has at least raised factual issues with respect to the third and fourth elements of the relation-back doctrine, and established that she satisfied the remaining elements, we hold that the trial court erred in dismissing her second amended complaint pursuant to section 2--619 of the Code.

For the foregoing reasons, we reverse the order of the circuit court of Du Page County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

BOWMAN and GILLERAN JOHNSON, JJ., concur.

FOOTNOTES
1:
1
Defendant raises a pertinent point that it is impossible for plaintiff to say that she first became aware that Dr. Ubilluz was an apparent agent of defendant following Reggilio's deposition.  Logically, defendant's contention makes sense--if the only way that a party becomes aware of an agency relationship between an agent and principal is via a deposition taken well after the case was initiated, then it is nonsensical to allege apparent agency at an earlier time.  However, defendant's point is neither so compelling nor so simple in this case.  Plaintiff alleges that Dr. Ubilluz consistently maintained that he was an independent contractor.  Thus, plaintiff could have initially conceived that Dr. Ubilluz was an agent or apparent agent of defendant, but upon some initial investigation, and based on Dr. Ubilluz's representations, become convinced that there was no agency relationship between defendant and Dr. Ubilluz.  This could explain why plaintiff did not include defendant as a party at an earlier date.  Because this cause is at an early stage, and because the issue is more complex than defendant suggests, we cannot dispose of plaintiff's contentions on this ground.