In the Matter of Supplementary Proceedings: CAPITOL DISTRIBUTORS CORP., Judgment Creditor, *v.* KENT'S RESTAURANT, INC., Judgment Debtor.

Supreme Court, Special Term, Albany County, November 28, 1939.

*Weisman, Celler, Quinn, Allan & Spett* for the judgment creditor.

*John J. Bennett, Jr., Attorney-General [Isaac I. Marks, Assistant Attorney-General,* of counsel], for the Comptroller of the State of New York.

BERGAN, J. The judgment creditor points out, correctly I think, that the payment made by the Comptroller on September 22, 1939, of eighty dollars to the New York State Unemployment Insurance Fund was a violation of the injunction resulting from the service upon him of the third-party subpœna in respect of the moneys of the judgment debtor then in his possession. Since this may be refunded to the Comptroller (Labor Law, § 523, subd. 3), and since I assume that this will be done, the status of the fund may be preserved until there has been an adjudication of the rights of the claimant to it.

Direct authority is vested by statute (Alcoholic Bev. Control

Law, § 127, subd. 1) in the Comptroller to deduct, apparently without judicial determination, the amount of taxes or penalties under article 18 of the Tax Law (§§ 420–438) which are " unpaid " when a refund of a liquor license fee is made. The question raised on this application is whether, upon an application for a judicial direction to the Comptroller to pay to the licensee the amount of the refund, made by the licensee or one succeeding to his interest, the Comptroller may set off the amount of money due to the State by the licensee for taxes for purposes other than those arising under article 18 of the Tax Law (taxes on alcoholic beverages) or for other claims due to the State. I think the answer is to be given in the affirmative.

The right of a private person to set off a valid claim against a judgment debtor from the amount owing to such debtor upon a proceeding by a creditor against such a third person is undoubted. The principle has been extended by statute to unmatured debts in certain circumstances. (Debtor and Creditor Law, § 151.) This has been said to apply, when the circumstances provided in the statute occur, to the claim of a receiver in supplementary proceedings. (*Samuel* v. *Public Nat. Bank & Trust Co.*, 151 Misc. 200, revg. 140 id. 744.) The State, limiting its own liability, has become the custodian, through its designated officers, of the Unemployment Insurance Fund. (Labor Law, §§ 519 and 529.) Contributions to it are enforced by the State. (§ 523.) Although this is accomplished, in part by the means of judgment and execution under that section, it is no answer to the claim of an offset that the claim has not been reduced to judgment. Since the Comptroller acts for the State in its fiscal affairs generally, and since the payment of any money under the control of the State is void unless approved by his audit (State Const. art. V, § 1), it would seem that he has the right to offset any valid claim of the State against one to whom money under his control is due from the State.

I do not, of course, hold summarily that this is a valid claim against the judgment debtor, and certainly the judgment creditor here is entitled to litigate this claim. The adjudication would seem to be by action (Civ. Prac. Act, § 794), although, perhaps, it may be by a proceeding under article 78 of the Civil Practice Act in which the facts may be determined.

An order directing the payment of $105 to the judgment creditor, and the return to the Comptroller of eighty dollars paid by him to the State Insurance Fund and providing that the determination is without prejudice to such further action or proceeding as the parties may be advised is to be submitted by judgment creditor.