Milton Alpert, J.
Plaintiff on August 23, 1972 was appointed a receiver of the Potsdam Arlington Inn, Inc., located in the Town of Potsdam in St. Lawrence County. The appointment was made by the St. Lawrence County Judge during the pendency of a mortgage foreclosure action instituted by the holder of the first mortgage covering the inn. Plaintiff posted his bond and entered upon his duties.
In March of 1973 plaintiff, as receiver, surrendered the liquor license issued to him as receiver for his operation of alcoholic beverage service at the inn, seeking a refund of a portion of the licensing fee. Plaintiff paid certain sales taxes to the State Department of Taxation and Finance.
*787 The State refused to make the refund on account of the liquor license surrender, alleging a setoff for franchise and sales taxes due the State by Potsdam Arlington Inn, Inc., on account of operations and collections prior to plaintiff’s entry into service as receiver.
Plaintiff has filed the instant claim seeking the return of the sales taxes allegedly improperly paid over to the State and further, seeking the refund due on account of the surrender of the liquor license.
The portion of the claim dealing with the return of the sales taxes was disposed of when the defendants moved for an order dismissing the claim, which was granted with respect to the sales tax issue. No appeal was taken from that order. The issue with respect to the liquor license refund, however, was preserved.
With respect to the liquor license refund, it is plaintiff’s position that there should be no setoff, as the tax liability sought to be set off was incurred, not by the plaintiff as receiver, but by his predecessor, the Potsdam Arlington Inn, Inc. Plaintiff’s position is that he, as receiver, would be liable for prior debts only if his receivership had a surplus of funds. In the absence of surplus funds, he claims that the moneys and assets in his hands must be used to pay the costs of administration first, then the first mortgagee, the secured creditors, and finally other prior creditors.
A receiver in a foreclosure action is the agent of the appointing court and has only such powers as are conferred by the order of appointment (15 Carmody-Wait, 2d, NY Practice, § 92:482). His possession of the property is for the benefit of all parties in interest and not that of the mortgagee; rather he stands in the shoes of the mortgagor (10 Thompson, Real Property, § 5158, p 126). Plaintiff’s authority is derived from the first decretal paragraph of the order of appointment, its terms being:
"ordered, that Nicholas r. canale of 1392 Cosgrove St., Watertown, New York, be and he hereby is appointed during the pendency of the above entitled foreclosure action receiver of said property of Potsdam Arlington Inn, Inc., described in paragraph '2’ of the said affidavit of D. William O’Donnell hereto annexed, and to carry on said business and preserve the income thereof to apply to the lawful claims of all creditors, and in conformity with Section 122 of the Alcoholic *788 Beverage Control Law of the State of New York. ” (Emphasis supplied.)
Section 122 of the Alcoholic Beverage Control Law provides, in part, that a receiver "may continue to carry on such business upon such premises for the balance of the term for which such license or permit was effective, with the same rights and subject to the same restrictions and liabilities as if he had been the original applicant for and the original holder, or one of either of them, of such license or permit, providing the approval of the liquor authority shall be first obtained.”
Thus, plaintiff occupied the same position as that of his predecessor, the Potsdam Arlington Inn, Inc., and was subject to its liabilities. He was not a trustee in bankruptcy, but a receiver in a foreclosure action, acting "in conformity with Section 122 of the Alcoholic Beverage Control Law of the State of New York”.
The court finds that the Comptroller was entirely correct when he took action to set off against the liquor license refund the taxes due the State by Potsdam Arlington Inn, Inc. In support of this finding, the court cites the following:
"The action of the Comptroller in offsetting the overpayments against current bills for services performed is certainly reasonable and legal. The right to offset in this manner has been approved by the courts. (United States v. Munsey Trust Co., 332 U. S. 234; Capitol Distrs. Corp. v. Kent’s Rest., 173 Misc. 827.)
"In United States v. Munsey Trust Co. (supra, pp. 239-240), United States Supreme Court declared that 'federal statute gives jurisdiction to the Court of Claims to hear and determine "All set-offs, counterclaims * * * whether liquidated or unliquidated, or other demands whatsoever on the part of the Government * * * against any claimant against the Government in said court.” * * * This power given to the Court of Claims to strike a balance between the debts and credits of the government, by logical implication gives power to the Comptroller General to do the same, subject to review by that court.’
"Similarly, in New York State offsets to State claims are within the Comptroller’s authority as was clearly stated by Justice Bergan in Capitol Distrs. Corp. v. Kent’s Rest, (supra, p. 828): 'Since the Comptroller acts for the State in its fiscal affairs generally, and since the payment of any money under the control of the State is void unless approved by his audit *789 * * * it would seem that he has the right to offset any valid claim of the State against one to whom money under his control is due from the State.’ ” (Williams Press v. State of New York, 45 AD2d 397, 402-403, revd on other grounds 37 NY2d 434.)
With particular reference to liquor license refunds, it is pertinent to quote from Chemical Bank N Y. Trust Co. v State of New York (27 AD2d 427, 428-429):
"It seems well established that the State can deduct other tax payments due it from a partial refund due on a liquor license surrender (Alcoholic Beverage Control Law, § 127; Siegel v. State of New York, 262 App. Div. 388; Multer v. State of New York, 178 Misc. 360; Capitol Distrs. Corp. v. Kent’s Rest., 173 Misc. 827).
"If there was ever any question concerning offsets against refunds of entire deposits where the license application is initially rejected (see Yereshefsky v. State of New York, 180 Misc. 191; Taylor v. State of New York, 43 N. Y. S. 2d 543, revd. 267 App. Div. 924), it was answered by our reversal in the Taylor case where we stated: 'The fund advanced by claimant was a loan to the club. The State has the right to offset its claim for unemployment insurance due against the deposit.’ (267 App. Div. 924, 925.) In Matter of Capitol Distrs. Corp. v. 2131 Eighth Ave. (285 App. Div. 541, affd. 1 N Y 2d 842) setoffs were taken by the Comptroller from the deposit, there being no question in that case as to his right so to do. We conclude on this point that the Comptroller does indeed have the right to assert these offsets in this case.”
Further, it is usually true that where two persons have mutual claims against each other and one becomes insolvent, the other may set off any debt due him from the insolvent and account for the balance only (49 NY Jur, Receivers, § 93).
Thus, in light of the above, the court finds that the right to a refund is conditioned with respect to the type of taxes here involved and that the Comptroller has a valid prior right to a setoff. The right exists not only with respect to those taxes incurred during the receivership, but also with respect to those existing prior to his appointment.
The court notes that sales taxes are collected by a vendor or retailer as a trustee (Tax Law, § 1132, subd [a]), and as such, the moneys so collected do not become the vendor’s property, but rather belong to the State as the legal beneficiary of the trust. Accordingly, by virtue of the trust character of the sales *790 tax aspect here, the State’s right to setoff is obviously superior to any rights of lienors and creditors.
In view of the above, the plaintiff has failed to prove his claim and the same is hereby dismissed.