THE VILLAGE OF NILES, Plaintiff-Appellant, v. K MART CORPORA-TION, Defendant-Appellee.

First District (1st Division)   No. 85—3174

Opinion filed June 22, 1987.—Rehearing denied August 18, 1987.

Sneider & Troy, of Chicago (Richard J. Troy and William G. Hutul, of counsel), for appellant.

Madigan, Stanner, Kahn, Bonifacic & Getzendanner, of Chicago (Vincent J. Getzendanner, Jr., and Glenn E. Schreiber, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, the village of Niles (Niles), brought an action seeking an accounting and the imposition of a fine against defendant, K mart Corporation (K mart), as a result of errors on K mart's sales tax returns which caused the Illinois Department of Revenue to pay to other municipalities amounts which should have gone to Niles. The trial court granted K mart's motion to dismiss and Niles now appeals from the dismissal order contending that a municipality has a right to bring an action against a retailer to recover sales taxes and fines due under the Municipal Retailers' Occupation Tax Act (MROT Act) (Ill. Rev. Stat. 1983, ch. 24, par. 8—11—1).[1]

The complaint filed by Niles alleged that K mart negligently reported to the Illinois Department of Revenue that certain sales of personal property at retail took place in the municipalities of Des Plaines and Oak Lawn when, in fact, such sales took place within Niles. The erroneous returns were filed during a period from April 1970 until

---

[1]Count I of plaintiff's amended complaint sought changes in the procedures utilized by the Department of Revenue to collect the municipal sales tax. Thereafter, the Illinois legislature amended the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 24, par. 8—11—1) to require the Department of Revenue to give more detailed information to municipalities and the Department was dismissed as a defendant in this lawsuit by agreement of the parties. The Department of Revenue is an arm of the State and may not be sued (*Krachock v. Department of Revenue* (1949), 403 Ill. 148, 85 N.E.2d 682) except in an administrative review action (Ill. Rev. Stat. 1985, ch. 110, sec. 3—102).

February 1983. As a result of the erroneous returns submitted by K mart, the complaint charged that the Illinois Department of Revenue forwarded to the municipalities of Des Plaines and Oak Lawn sales tax monies properly due Niles in excess of $2 million. The complaint sought to compel K mart to again pay the taxes as well as the imposition of a $500-per-day fine for a period of 13 years.

The MROT Act empowers municipalities to impose a tax not in excess of 1% on sales of tangible personal property within the municipality. The tax is not collected by the municipality or paid directly to it. Rather, the Illinois Department of Revenue collects the tax from retailers and the State Treasurer disburses to each municipality the amount corresponding to collections attributable to it. The powers, rights, remedies and procedures to be applied by the Illinois Department of Revenue in enforcing the MROT Act are the same as those provided under the Retailers' Occupation Tax Act (ROTA Act) (Ill. Rev. Stat. 1983, ch. 120, par. 440 *et seq.*), which outlines the provisions for the administration and collection of the State sales tax. (See Ill. Rev. Stat. 1983, ch. 24, par. 8—11—1.) In July 1967, Niles enacted a 1% sales tax pursuant to the MROT Act.

On appeal, Niles contends that the trial court improperly dismissed its complaint since it can hold K mart accountable for its failure to pay taxes due Niles under the MROT Act. K mart responds that the remedies and procedures to be applied under the MROT Act are the same as those provided under the ROTA Act and that Act does not provide the relief requested by Niles.

■ It is well settled that the rights of the parties here, the taxing body, the retailer, and the Department of Revenue, are created by and delineated in the applicable statute. "The levy, assessment and collection of taxes are purely statutory and the levy, assessment and collection of taxes can only be made as expressly pointed out in the statute." (*People ex rel. Shirk v. Glass* (1956), 9 Ill. 2d 302, 311, 137 N.E.2d 265, 270.) In determining the meaning of a grant of power to levy taxes, the statute is to be strictly construed and not extended beyond the clear import of the language used. *Caterpillar Tractor Co. v. Department of Revenue* (1963), 29 Ill. 2d 564, 194 N.E.2d 257; *Jewel Cos. v. Department of Revenue* (1978), 58 Ill. App. 3d 393, 374 N.E.2d 733.

Under both the MROT Act and the ROTA Act the administration and enforcement of the collection of taxes is vested in the Department of Revenue. The municipality does not act as the collecting agent. The MROT Act states in pertinent part:

"The tax imposed by a municipality pursuant to this Section

and all civil penalties that may be assessed as an incident thereof shall be collected and enforced by the State Department of Revenue. *** The Department shall have full power to administer and enforce this Section ***.
* * *
*** The corporate authorities of any municipality which levies a tax authorized by this Section shall transmit to the Department *** a certified copy of the ordinance or resolution imposing such tax whereupon the Department of Revenue shall proceed to administer and enforce this Section on behalf of such municipality." Ill. Rev. Stat. 1983, ch. 24, par. 8—11—1.

■ From our reading of this statute, we find no authority for Niles to enforce a tax directly against a retailer or to impose fines due from violations of the Act. The statute delineates the rights of a municipality to impose a tax up to the rate of 1% and imposes a duty to transmit the funds to the Department of Revenue for enforcement of the statutory provisions. In the case at bar, under the terms of the statute, it was the duty of K mart to file returns and provide other information required by the Department and to pay taxes to the Department. The record indicates that K mart complied with these statutory provisions. Plaintiff's complaint does not allege that defendant failed to pay the tax or that it violated any duty imposed on it by the statute. The liabilities, procedures and penalties which Niles seeks to impose are without support in the statute since enforcement and administration of the statute is vested exclusively in the Department of Revenue. Plaintiff's complaint, therefore, was properly dismissed.

Niles contends that K mart was a trustee of the tax funds it collected for the village of Niles and that as a trustee it owed a duty of due care to Niles. K mart cites numerous cases in support of its position, including *Canale v. New York State Department of Taxation & Finance* (1975), 84 Misc. 2d 786, 378 N.Y.S.2d 566, and *People ex rel. Scott v. Pintozzi* (1971), 50 Ill. 2d 115, 277 N.E.2d 844. We find these cases readily distinguishable from the case before us.

In *Canale,* the court held that a receiver of property used as a tavern was responsible for delinquent franchise and sales taxes due the State by the defaulting tavern owner. The receiver offered the refund due from the unexpired liquor license as an offset for the delinquent taxes. The court relied on a New York statute which authorized the comptroller to make such an offset and hold the funds in trust. Illinois has no corresponding statutory provision to the one relied on by the *Canale* court. Moreover, the statute relied on in *Canale* was for collection of an unpaid tax over the competing claims of other

creditors. In the case at bar, Niles is attempting to collect a tax already paid by K mart a second time.

In *Pintozzi*, the State brought an action against a group of defendants alleging fraud in the failure to pay taxes due under the ROTA Act and attempting to trace assets reacquired as the fruits of defendants' fraudulent acts. The Department of Revenue, in accordance with the statute, determined the tax liability and proceeded to enforce the payment of the tax by imposition of a constructive trust on various assets. The court ordered that the property on which the constructive trust was imposed would be sold if the personal money judgment was not satisfied within 30 days. Unlike the case at bar, the *Pintozzi* court imposed a constructive trust on the property of taxpayers who had failed to remit taxes due. Plaintiff cites no authority and our research reveals no authority for imposing a constructive trust on the property of a taxpayer who has paid the tax, as K mart has done here.

■ The remaining authority cited by Niles to support its theory that K mart was a trustee of the tax funds (*Rosenow v. State of Illinois, Department of Revenue* (7th Cir. 1983), 715 F.2d 277; *Shipe v. Consumers' Service Co.* (N.D. Ind. 1928), 28 F.2d 53; *In re Hartzell's Will* (1963), 43 Ill. App. 2d 118, 192 N.E.2d 697; *Sauvage v. Gallaway* (1948), 335 Ill. App. 35, 80 N.E.2d 553) is clearly inapposite and fails to provide any support for this argument. Accordingly, plaintiff's complaint fails to state a cause of action against K mart based either on the failure to comply with the MROT Act or the failure to perform the duties of a trustee and was properly dismissed.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.