# Illinois Official Reports

## Appellate Court

---

*Malinksi v. Grayslake Community High School District 127,*
2014 IL App (2d) 130685

---

| | |
|---|---|
| Appellate Court Caption | CARLOS MALINKSI, Plaintiff-Appellant, v. GRAYSLAKE COMMUNITY HIGH SCHOOL DISTRICT 127, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-13-0685 |
| Filed | August 22, 2014 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed plaintiff's complaint alleging that he was subjected to bullying and that defendant school district caused plaintiff's injuries by failing to provide a safe environment on the ground that defendant was immune from liability under sections 2-201 and 3-108(b) of the Tort Immunity Act, notwithstanding plaintiff's contention that carrying out the district's anti-bullying policy was a ministerial act that was not immunized, since the policy did not mandate a particular response to a specific set of circumstances; rather, the policy gave the district the discretion to determine whether bullying occurred, what the consequences would be, and what remedial action would be appropriate. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 12-L-272; the Hon. Jorge L. Ortiz, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Theodore A. Gilbert and Alex C. Wimmer, both of Botto Gilbert Gehris Lancaster, P.C., of Crystal Lake, for appellant. |
| | |
| | Kimberly A. Jansen and Corinne C. Heggie, both of Hinshaw & Culbertson LLP, of Chicago, for appellee. |
| | |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion. Justices Birkett and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1    On April 10, 2012, plaintiff, Carlos Malinksi, filed a complaint against defendant, Grayslake Community High School District 127. Plaintiff, a student at Grayslake North High School, alleged that other students subjected him to bullying and that defendant failed to provide a safe environment, proximately causing plaintiff's injuries. The trial court granted defendant's motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619.1 (West 2012)), and plaintiff appeals. We affirm.

¶ 2    The pleadings reflect that plaintiff was a student at Grayslake North High School. During school hours and on school property, other students subjected him to verbal and physical abuses including being punched and pushed. Plaintiff was attacked on November 16, 2009, and plaintiff had previously informed school officials "on numerous occasions" about being bullied by other students. Specifically, "[t]hroughout 2008 and 2009," plaintiff had several email exchanges and meetings with Dean Athena Toliopoulos, warning her that he was in danger due to bullying and that he feared that the violence against him would escalate if the problem was not addressed. Plaintiff also had "continuous contact" with Joseph Volante, a school counselor. Plaintiff told Volante that other students were bullying him on school grounds and that the physical abuse would not stop unless "action was taken." On November 6, 2009, plaintiff emailed Volante, advising him that the bullying was getting worse and that he wanted to commit suicide. On November 12, 2009, plaintiff met with school administrators and told them that other students were subjecting him to bullying.

¶ 3    Plaintiff's complaint alleged that defendant had a duty to provide a safe environment and that defendant failed to do so by "[w]illfully, wantonly, and with reckless disregard for [plaintiff's safety]" ignoring plaintiff's warnings of bullying by other students and "allow[ing] [p]laintiff to be beaten outside of his classroom." Plaintiff alleged that, as a result of defendant's reckless disregard for his safety, plaintiff suffered injuries "both in mind and body" and will have to pay "large sums of money" for medical care.

¶ 4    On April 11, 2013, defendant filed a motion to dismiss plaintiff's second amended complaint pursuant to section 2-619.1 of the Code. In relevant part, defendant argued that it was entitled to immunity under sections 2-201 and 3-108(b) of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/2-201, 3-108(b) (West 2012)). Defendant argued that section 3-108(b) immunized its alleged failure to properly supervise plaintiff's interactions with students. Defendant also argued that it had immunity under section 2-201 because "dealing with student bullying [was] exactly the type

of discretionary decision for which [s]ection 2-201 of the Tort Immunity Act provides absolute immunity." On June 5, 2013, the trial court granted defendant's motion to dismiss pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2012)). Plaintiff timely appealed.

¶ 5    Plaintiff's only contention is that the trial court erred in granting defendant's motion to dismiss. Plaintiff argues that section 2-201 of the Tort Immunity Act is inapplicable because, although defendant exercised its discretion in adopting an anti-bullying policy, carrying out that policy was a ministerial act that is not immunized. Plaintiff further argues that the trial court erred because defendant failed to attach supporting evidence to prove its affirmative defense.

¶ 6    Section 2-619.1 of the Code provides that motions with respect to pleadings pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2012)) may be filed together as a single motion. 735 ILCS 5/2-619.1 (West 2012). A motion to dismiss pursuant to section 2-615 of the Code tests the legal sufficiency of the complaint, whereas a motion to dismiss under section 2-619 admits the legal sufficiency of the complaint but asserts an affirmative defense that defeats the claim. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578-79 (2006). In considering a combined motion to dismiss pursuant to section 2-619.1, we accept all well-pleaded facts in the complaint as true, drawing all reasonable inferences from those facts in favor of the nonmoving party. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009). When reviewing a decision to grant a motion pursuant to section 2-615, our inquiry is whether the allegations of the complaint, construed in the light most favorable to the nonmoving party, are sufficient to establish a cause of action upon which relief may be granted. *Weidner v. Karlin*, 402 Ill. App. 3d 1084, 1086 (2010). Under section 2-619(a)(9), our inquiry is whether an affirmative matter, *i.e.*, "some kind of defense 'other than a negation of the essential allegations of the plaintiff's cause of action,' " defeats the claim. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120-21 (2008) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993)). Our review under either section is *de novo* (*King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005)), and we can affirm on any basis present in the record (*Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004)).

¶ 7    The Tort Immunity Act serves to protect local entities and public employees from liability arising from the operation of government. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003). By providing immunity, the legislature sought to prevent the diversion of funds from their intended purpose to the payment of damages claims. *Doe v. Village of Schaumburg*, 2011 IL App (1st) 093300, ¶ 13. The immunities afforded under the Tort Immunity Act serve as affirmative defenses, which, if properly raised and proven, bar a plaintiff's right to recovery. *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 43-44 (1998). The Tort Immunity Act does not create duties, but instead grants immunities and defenses. *Hascall v. Williams*, 2013 IL App (4th) 121131, ¶ 20. Thus, whether a local entity owed a duty of care and whether that entity enjoyed immunity are separate questions. *Id.* "Once a court determines that a duty exists, it then addresses whether the Tort Immunity Act applies." *Id.*

¶ 8    Section 2-201 of the Tort Immunity Act provides:
    "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an

injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201 (West 2012).

Section 2-109 provides that a local public entity is immunized from liability for an injury resulting from an employee's act or omission where the employee is not liable. 745 ILCS 10/2-109 (West 2012). Therefore, sections 2-201 and 2-109 grant absolute immunity to public entities for the performance of discretionary functions (*Kennell v. Clayton Township*, 239 Ill. App. 3d 634, 640 (1992)), but not ministerial functions (*Village of Itasca v. Village of Lisle*, 352 Ill. App. 3d 847, 859 (2004)). The distinction between a discretionary act and a ministerial act must be made on a case-by-case basis, and courts have recognized that discretionary acts are those that are unique to a particular public office, whereas ministerial acts are those that a person performs based on a given set of facts, in a prescribed manner, in accordance with a mandate of legal authority, and without reference to the official's discretion as to the propriety of that act. *Id.* (citing *Snyder v. Curran Township*, 167 Ill. 2d 466, 474 (1995)).

¶ 9        Prior Illinois cases have discussed school bullying in the context of the Tort Immunity Act. In *Albers v. Breen*, 346 Ill. App. 3d 799 (2004), the plaintiffs alleged that a minor was bullied by three male students. *Id.* at 801. The minor's mother complained to the school's principal, and the minor underwent counseling from a school social worker. *Id.* at 801-02. The social worker revealed the bullying students' names to the principal, allegedly causing the minor to suffer from emotional distress. *Id.* at 802. The minor and his parents sued the school district and the individual defendants. *Id.*

¶ 10       The reviewing court affirmed the trial court's dismissal of the plaintiffs' lawsuit under section 2-619 of the Code. The court noted the distinction between discretionary and ministerial acts, emphasizing that "[w]hile the outer limits of the definition of 'discretionary' are murky, it encompasses a wide range of governmental behavior." *Id.* at 808. The court concluded:

> "Certainly, the way that a principal handles an instance of bullying in his school falls within the definition [of a discretionary act]; any student who has been sent to the principal's office could attest that he has broad discretion in how to handle such situations." *Id.*

¶ 11       More recently, in *Hascall*, the reviewing court considered whether section 2-201 of the Tort Immunity Act provided the defendants, a school district and staff members, with immunity from liability for their alleged failure to respond to a student's complaint that other students bullied her. *Hascall*, 2013 IL App (4th) 121131, ¶¶ 1, 11. The student, who was in the fourth grade, complained that other students bullied her. *Id.* ¶ 1. The student's mother reported to the school's principal a " 'bullying situation' " involving the student and her classmates. *Id.* ¶ 4. In a letter response, the principal noted that the school takes reports of bullying " 'very seriously' " and attached a copy of the " 'school district's policy.' " *Id.* The mother met with the principal and the school's superintendent, and after another bullying incident the principal told the student's mother that she would contact the bullying students' parents and " 'take appropriate disciplinary action.' " *Id.* ¶¶ 4-6. The alleged bullying continued and the student's mother requested another meeting with the superintendent, the principal, and the student's teacher. *Id.* ¶¶ 7-9. The superintendent denied that request, advising the student's mother that " '[w]e will handle this situation.' " *Id.* ¶ 9. The plaintiffs, the student and her mother, alleged that the continued bullying and inaction by school

personnel caused the student to suffer from nightmares, physical injuries, mental anguish, and emotional distress, among other things. *Id.* ¶ 10. The defendants filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code, asserting that they were immune from liability under sections 2-201 and 2-109 of the Tort Immunity Act. *Id.* ¶ 11. The trial court granted the defendants' motion. *Id.* ¶ 12.

¶ 12 The reviewing court affirmed the trial court's dismissal. In doing so, the court rejected the plaintiffs' argument that immunity did not attach because the defendants were performing ministerial acts prescribed by a school board anti-bullying policy. *Id.* ¶¶ 24-25. The court noted that the school board's anti-bullying policy gave the superintendent or his designee responsibility for developing and maintaining a program that prevents bullying. *Id.* ¶ 28. Nonetheless, "the policy [did] not mandate a particular response to a specific set of circumstances. The determination of whether bullying has occurred and the appropriate consequences and remedial action [were] discretionary acts under these facts." *Id.*

¶ 13 We find the reasoning in *Albers* and *Hascall* persuasive. In doing so, we reject plaintiff's argument that the act of "carrying out" an anti-bullying policy is a ministerial act because the School Code left defendant with "no discretion regarding whether *** to allow bullying in [its] school." We recognize that section 27-23.7(d) of the School Code mandates that each school district "create and maintain a policy on bullying." 105 ILCS 5/27-23.7(d) (West 2012). However, as the court in *Hascall* observed, an anti-bullying policy is not required to mandate a particular response to a specific set of circumstances. *Hascall*, 2013 IL App (4th) 121131, ¶ 28. Instead, a policy may afford a school district with the discretion to determine whether bullying has occurred, what consequences will result, and any appropriate remedial actions. *Id.* Therefore, the implementation of an anti-bullying policy under section 27-23.7(d) does not necessarily render defendant's actions ministerial.

¶ 14 Moreover, we note that, although plaintiff's second amended complaint referenced defendant's anti-bullying policy, that policy was not attached to the complaint. Thus, we cannot determine whether defendant's policy required a particular response to the circumstances alleged in this case; or whether, as in *Hascall*, the policy afforded defendant discretion to determine when bullying has occurred and any appropriate action. In the absence of the policy, we are persuaded by the holding in *Albers* and agree with that court's conclusion that how a school official handles an instance of bullying fits within the definition of a discretionary act. See *Albers*, 346 Ill. App. 3d at 808.

¶ 15 Finally, we reject plaintiff's argument that the trial court erred because defendant's asserted affirmative matter was not apparent on the face of the complaint and defendant failed to submit supporting evidence. As defendant notes, plaintiff did not object before the trial court to defendant's failure to attach an affidavit or other evidence, and plaintiff is not permitted to raise that objection for the first time on appeal. *Setliff v. Reinbold*, 73 Ill. App. 2d 208, 212 (1966) (holding that, even if an affidavit was required to be attached to a motion to dismiss, because the plaintiffs did not object at any time before the trial court to the form or substance of the motion to dismiss, they were not permitted to raise that point on appeal).

¶ 16 For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 17 Affirmed.