No. 3–09–0936

Filed July 6, 2010

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| SANDIE WEIDNER, | ) | Appeal from the Circuit Court |
| | ) | for the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Knox County, Illinois |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 06–L–51 |
| JEREMY S. KARLIN and STOERZBACH | ) | |
| MORRISON, P.C.; STOERZBACH, | ) | |
| MORRISON, ROBERTSON, WILCOX, | ) | |
| ALCORN, P.C.; BARASH STOERZBACH | ) | |
| AND HENSEN, P.C. | ) | Honorable |
| | ) | Stephen C. Mathers, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

The plaintiff, Sandie Weidner, brought suit against her former attorney, defendant Jeremy Karlin, and his law firm employer (collectively the defendants), alleging legal malpractice and common law fraud. The defendants moved to dismiss the fraud counts, and the trial court granted the motion. The plaintiff appeals, claiming the court erred by dismissing the fraud counts against the defendants. We affirm.

FACTS

The plaintiff filed her third amended complaint on July 17, 2009. In count I, the plaintiff alleged negligent legal malpractice against defendant Karlin. In that count, the plaintiff alleged

that Karlin was the plaintiff's attorney between 1998 and 2006 related to a worker's compensation claim and that Karlin agreed to represent the plaintiff in a claim for another injury that occurred on April 28, 2000. The plaintiff also alleged that Karlin failed to file an application for adjustment of claim for that injury within the three-year statute of limitations and filed the application on September 27, 2005, which was subsequently dismissed. The plaintiff further alleged that Karlin "concealed material facts and the ramifications that he was under a duty to disclose." The plaintiff alleged that she was damaged by Karlin's failure to timely file the application because her claim would have been successful. Count II alleged legal malpractice against the defendant law firm under the principles of respondeat superior and agency.

Count III alleged fraud against Karlin, and count IV alleged fraud against the law firm under the principles of respondeat superior and agency. In these counts, the plaintiff alleged that after Karlin failed to file her application within the statute of limitations, Karlin knowingly made false statements in that he filed an application for adjustment of claim after the statute of limitations had expired; negotiated a settlement of the plaintiff's worker's compensation claims that included the April 28, 2000, accident; failed to advise the plaintiff that her claim for the April 2000 injury was time-barred because he did not file a timely application for adjustment of claim and the claim had been dismissed; failed to advise the plaintiff of her rights to appeal that dismissal; and advised the plaintiff to accept the settlement offer because her claim lacked merit, not because the claim for the April 2000 injury was time-barred. The plaintiff also alleged that she relied upon Karlin's misstatements in that she considered taking the settlement and discussed the settlement offer with her family and friends, who advised her to seek a second legal opinion regarding her worker's compensation claims. The plaintiff further alleged that she suffered great

2

humiliation and anguish as a result of telling her family and friends that she did not have a meritorious worker's compensation claim. The plaintiff sought punitive damages for the alleged fraud.

On September 16, 2009, the defendants filed a motion to dismiss counts II, III and IV of the third amended complaint, pursuant to section 2–615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2–615 (West 2008)). Regarding counts III and IV, the defendants argued that those counts should be dismissed because the plaintiff had failed to plead, with the required specificity and particularity, facts constituting fraud under the common law. The court held a hearing on the motion to dismiss on October 20, 2009. During the plaintiff's argument, she stated that she could not plead any additional facts in support of counts III and IV. The court denied the motion to dismiss count II and granted the motion to dismiss counts III and IV. The plaintiff reiterated that she could not amend her pleading as to counts III and IV. The court and the parties' attorneys also discussed whether the defendants also had to move to dismiss the counts under section 2-619 of the Code, and the court granted the defendants' oral motion to dismiss under section 2–619. The court further found that there was no just reason to delay enforcement or appeal of the order, pursuant to Supreme Court Rule 304(a). 210 Ill. 2d R. 304(a).

ANALYSIS

Initially, we address the apparent confusion over whether the defendant's motion to dismiss was properly brought under section 2–615 or section 2–619 of the Code. "A motion to dismiss under section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West 2006)) tests the legal sufficiency of the complaint, whereas a motion to dismiss under section 2-619(a) of the Code (735 ILCS 5/2-619(a) (West 2006)) admits the legal sufficiency of the complaint, but asserts

3

affirmative matter outside the complaint that defeats the cause of action." Kean v. Wal-Mart Stores, Inc., 235 Ill. 2d 351, 361, 919 N.E.2d 926, 931-32 (2009). In this case, the defendants' written motion to dismiss counts III and IV of the third amended complaint alleged that the plaintiff had failed to allege facts sufficient to constitute a claim for fraud and specifically stated that the motion was brought pursuant to section 2–615 of the Code. Neither the written motion nor any oral motion asserted that any affirmative matter defeated the claim. Thus, we will determine whether the trial court properly dismissed counts III and IV under section 2–615.

When reviewing a decision to grant a section 2–615 motion to dismiss, "the question is 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " Green v. Rogers, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 458–59 (2009), quoting Vitro v. Mihelcic, 209 Ill. 2d 76, 81, 806 N.E.2d 632 (2004). "A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." Green, 234 Ill. 2d at 491, 917 N.E.2d at 459. Our review is de novo. Green, 234 Ill. 2d at 491, 917 N.E.2d at 459.

The elements of a claim for fraudulent misrepresentation, also referred to as common law fraud, are: (1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance. Board of Education of City of Chicago v. A, C & S, Inc., 131 Ill. 2d 428, 452, 546 N.E.2d 580, 591 (1989); see also Lidecker v. Kendall College, 194 Ill. App. 3d 309, 314, 550 N.E.2d 1121, 1124 (1990). In addition to these elements, in order to prove fraud by the omission

4

of a material fact, "it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak." Lidecker, 194 Ill. App. 3d at 317, 550 N.E.2d at 1126. "A successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made." Connick v. Suzuki Motor Co., 174 Ill. 2d 482, 496-497, 675 N.E.2d 584, 591 (1996).

The plaintiff, in this case, failed to allege sufficient specific facts to establish a fraud claim against the defendants. The plaintiff alleges Karlin performed a string of related acts that she claims constituted a false statement of material fact. The essence of her allegations is that Karlin failed to inform the plaintiff that the worker's compensation claim for the April 2000 injury was filed outside of the statute of limitations. Instead, Karlin advised the plaintiff to settle all of her claims because those claims lacked merit. Thus, the plaintiff alleged that Karlin attempted to induce her to settle her worker's compensation claims to conceal his act of filing the April 2000 claim after the statute of limitations had expired. Assuming solely for the purposes of our following analysis that these allegations were sufficient to constitute the first three elements of fraud, it is apparent that the plaintiff's amended complaint failed to allege facts showing reliance and damages.

The plaintiff has alleged no facts that indicate that she relied upon Karlin's allegedly fraudulent omission. The plaintiff did not settle her worker's compensation claims. Rather, the complaint indicates that she sought out a second legal opinion on the merits of her claims.

Further, the plaintiff has not alleged any facts indicating that she was damaged by relying upon Karlin's failure to inform her that her April 2000 claim was time-barred. She claims she

suffered humiliation and anguish as a result of Karlin's conduct. However, damages for solely emotional harm are not recoverable in an action for fraud. Cangemi v. Advocate South Suburban Hospital, 364 Ill. App. 3d 446, 469-70, 845 N.E.2d 792, 813 (2006).

The plaintiff cites Cripe v. Leiter, 291 Ill. App. 3d 155, 158, 683 N.E.2d 516, 519 (1997), for the proposition that common law fraud and legal malpractice are distinct causes of action, and thus Karlin's conduct, although occurring within a lawyer-client relationship, constituted fraud. In Cripe, plaintiff alleged that the defendant-attorney and his law firm committed fraud when they knowingly submitted false billing statements to the plaintiff regarding the number of hours spent on trust matters and a guardianship case. Cripe, 291 Ill. App. 3d at 157, 683 N.E.2d at 518. This court held that where a plaintiff's complaint for common law fraud against a defendant-attorney states a cause of action, the plaintiff's request for punitive damages is not precluded by section 2–1115 of the Code (735 ILCS 5/2–1115 (West 1994)). Cripe, 291 Ill. App. 3d at 159, 683 N.E.2d at 520. The Cripe court was not called upon to consider and did not consider whether the plaintiff's complaint stated a cause of action for fraud. Thus, Cripe is not applicable here, where we were presented with the issue whether the plaintiff's complaint stated a cause of action for fraud.

Below, the trial court indicated that it was not concerned with the parties' arguments regarding the availability of punitive damages because the plaintiff had not pled sufficient facts to establish a fraud claim against the defendants. We agree. We need not consider the parties' arguments regarding punitive damages and the applicability of section 2–1115 of the Code (735 ILCS 5/2–1115 (West 2008)) because the plaintiff has not pled a claim of fraud against the defendants.

6

CONCLUSION

We conclude that the plaintiff did not allege sufficient facts to establish a claim of fraud against the defendants. The trial court properly dismissed counts III and IV of the plaintiff's third amended complaint. Accordingly, the judgment of the Knox County circuit court is affirmed.

Affirmed.

HOLDRIDGE, P. J. and WRIGHT, J. concurring.